646 March 27, 2024 No. 199

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. K. B.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

N. K. B.,
*Appellant.*

Clackamas County Circuit Court
16JU06960; A179177

Colleen F. Gilmartin, Judge.

Submitted February 26, 2024.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Youth appeals a juvenile court order requiring that he report as a sex offender pursuant to ORS 163A.025. Youth raises one assignment of error, contending that the juvenile court erred when it determined that youth had not met his burden under ORS 163A.030(7)(b) of "proving by clear and convincing evidence that [he] is rehabilitated and does not pose a threat to the safety of the public." We have considered youth's various arguments, and we affirm.

Setting forth the facts and procedural history of this case would not benefit the bench, the bar, or the public. Our decision is determined by *State v. A. R. H.*, 371 Or 82, 530 P3d 897 (2023). Whether "a youth must report as a sex offender under ORS 163A.030 depends on a factual inquiry." *Id*. at 95. "[A] youth bears the burden to prove that it is highly probable that they have undergone a process of rehabilitation and do not present a risk of committing future sex offenses." *Id*. "[We] accept[ ] [the juvenile court's] finding unless the record required the juvenile court to answer that factual question in a different way." *Id*. at 96. Furthermore, "the juvenile court [makes] an individualized inquiry for each youth, with no particular factors entitled to greater weight." *Id*. at 98.

The record supports the juvenile court's findings in this case: The juvenile court adequately connected the evidence in the record to youth's current risk of sexual recidivism in determining that youth did not meet his burden under ORS 163A.030(7)(b). The juvenile court noted risk factors such as youth's dishonesty with his therapist and continued substance use, as well as failed polygraphs, and that youth's actions were sufficiently recent and of such a nature that youth did not prove by clear and convincing evidence that he is rehabilitated and no longer a threat to public safety.[1]

---

[1] We note our recent decision in *State v. X. E. W.*, 331 Or App 1, ___ P3d ___ (2024), in which we engaged in *de novo* review of a juvenile court's determination that a youth had not met the burden under ORS163A.030(7)(b) to prove by clear and convincing evidence that he is rehabilitated and does not pose a threat to public safety. In doing so, we stated that "it [was] not clear that the juvenile court considered the evidence of youth's current risk of recidivism[,]" and also that "the juvenile court's oral findings suggest[ed] that it may have denied youth's petition

Affirmed.

---

based on an impermissible standard of 'no risk' rather than 'low risk.'" *Id*. at 12-13. In this case, the juvenile court properly discussed and considered the facts, as relevant to this youth's status at the time of the hearing, in making its ruling. Thus, this case is not like *X. E. W.*